NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL D. HUGGINS,<br><br>       Petitioner,<br><br>v.<br><br>EUGENE CALDWELL,<br><br>       Respondent. | Civil Action No. 21-20603 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner Michael D. Huggins's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), which seeks to challenge his ongoing state court criminal proceedings. As Petitioner has paid the applicable filing fee, this Court is therefore required to screen Petitioner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice and deny Petitioner a certificate of appealability.

I.      **BACKGROUND**

Petitioner is a state pre-trial detainee currently detained in the Cumberland County Jail awaiting trial on robbery, assault, and weapons charges. (ECF No. 1 at 1; ECF No. 1-1 at 15-16.) In his current habeas petition, he seeks to attack both those criminal charges and the order requiring his detention pending trial. (ECF No. 1 at 1-9, ECF No. 1-1 at 1-9.) Specifically, Petitioner argues

that he was illegally arrested; that there is no probable cause to support his detention, indictment, or arrest; that he was subject to various illegal searches; and that his being subjected to pre-trial detention while his victim received a time served sentence on a completely unrelated and factually distinct charge in some what violates his rights to equal protection. (*Id.*). Petitioner also presents what is essentially a condition of confinement claim in which he claims that he has suffered from deplorable living conditions including mold and COVID-19 exposure in jail which he believes entitles him to release. (ECF No. 1-1 at 9.) In his petition, Petitioner asserts that he submitted at least some of these issues to "the Department of Justice complex" in Trenton, receiving no result, and that he has also called his governor and senator, but received no response. (ECF No. 1 at 2-3.) Petitioner's claims thus have clearly not been fully exhausted at this time. (*Id.*)

II.     **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III.    DISCUSSION

In this matter, Petitioner seeks to use his non-conditions of confinement habeas claims to relitigate his bail proceedings and challenge his state court indictment in this Court without first completing his state criminal proceedings.  Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees.  *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46).  Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445).  The Third Circuit has therefore held that while federal courts may have jurisdiction to hear habeas challenges brought by state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." *Moore*, 515 F.2d at 443.  In the absence of extraordinary circumstances, which do not include the premature litigation of defenses in federal court prior to a state court criminal trial, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court.  *Id.*  A petitioner's claim will not be considered exhausted where it was presented only "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

In this matter, Petitioner seeks to use his non-conditions of confinement habeas claims to prematurely litigate his criminal defenses in this Court before concluding his criminal proceedings before the state courts by attacking both his pretrial detention, arrest, searches, and indictment.

3

Petitioner has not presented his claims to the highest state court – although Petitioner asserts that he raised his concerns to the attention of the governor, his senator, and some unspecified entity in the state department of justice, he has not properly exhausted his claims through any form of interlocutory appeal to the Appellate Division or New Jersey Supreme Court.  Petitioner has likewise not shown any extraordinary circumstances warranting the hearing of this matter before state court proceedings have concluded.  Petitioner may present his fabricated evidence claims and arguments during his criminal trial and any appeal that may follow should he be convicted, but this Court cannot exercise pretrial habeas jurisdiction under these circumstances. *Duran*, 393 F. App'x at 4-5.  To the extent Petitioner seeks to challenge his pretrial detention, which amounts to the equivalent of a bail challenge, this Court must decline jurisdiction to hear that challenge as Petitioner has neither fully exhausted his bail claim nor shown extraordinary circumstances requiring the exercise of pretrial habeas jurisdiction. *See, e.g., Id.* (affirming the dismissal of a petition raising claims including challenges to excessive bail and the legality of pretrial state detention); *see also Wiggins v. Ellis*, No. 10-1243, 2010 WL 3909873, at *3 (D.N.J. Oct. 1, 2010) (noting that it is not clear that a bail challenge is cognizable through a habeas petition, but that it is clear that a district court must not hear such a challenge absent exhaustion or truly exceptional circumstances).  Petitioner's non-conditions of confinement claims must therefore be dismissed without prejudice.

      Turning to Petitioner's conditions of confinement claim, the Court notes that  Petitioner does not appear to have made any attempt at exhausting this claim in the state courts.  Even assuming such a claim is cognizable in a habeas petition, a state habeas petitioner who wishes to attack his conditions of confinement must still exhaust all of his available state court remedies before filing a habeas petition in federal court, and the petitioner bears the burden of establishing that he has met this requirement. *See, e.g., Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001).

4

Petitioner has not alleged, nor shown, that he has exhausted such a claim through the New Jersey Court systems, and it fully appears that the state courts have mechanisms for evaluating such claims, especially in light of the COVID-19 related aspects of Petitioner's claims. *See, e.g., Matter of Request to Release Certain Pretrial Detainees*, 245 N.J. 218, 240-42 (2021). Thus, it fully appears that Plaintiff may raise his conditions as part of a request for release through either a new pretrial detention motion or a reconsideration motion challenging his ongoing detention and an appeal to the state appellate courts on any adverse decision from such a motion. As Petitioner does not appear to have exhausted his administrative remedies, this Court must dismiss his conditions of confinement claim without prejudice at this time.

## IV.     CERTIFICATE OF APPEALABILITY

Because Petitioner's habeas challenges his detention which "arises out of process issued by a State court," he may not appeal the dismissal of his habeas petition unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could

not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

## V. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, and Petitioner is **DENIED** a certificate of appealability. An order consistent with this Opinion will be entered.

*Karen M. Williams*

Hon. Karen M. Williams,
United States District Judge